## REELS vs. KNIGHT.

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court. This action was commenced in the court of probates to obtain a partition of the estate of the mother of the plaintiff and defendant.

5ns 9
48 423

If in a suit for partition, the defendant se up a title in himself which is alledged by the plaintiff to be simulate I, the court of probates has no jurisdiction of the case.

5ns 9
52 186

West'n Dis'ct
*August*, 1826.

REELS
*vs.*
KNIGHT.

And the want of jurisdiction being *ratione materiæ* is not cured by consent.

An appellate court cannot give a judgment which the court *a qua* could not.

The defendant set up title to himself in the premises, and the plaintiff alleged that the sale was simulated and fraudulent.

No plea was put in to the jurisdiction, the cause was tried on its merits, and judgment given for the defendant. The plaintiff appealed to the district court, where the case was submitted to a jury, who found a verdict in his favor, and from the judgment rendered thereon the defendant appealed.

The court of probates had no jurisdiction of a case like this. The question was title, of which the ordinary tribunals could alone take cognizance. This has been expressly decided in the following cases, and it is not necessary to repeat the reasoning on which they are founded. *Willi m* vs. *Spencer & al. Harris' Tutor* vs. *M'Kee & al.* & *Donaldson & al.* vs. *Dorsey & al. vol.* 4, 77, 487, 509.

The first case was precisely that before the court, and it too was an appeal to the district court. It was there contended that as the latter tribunal had original jurisdiction of the cause, it was well seized of it, in its appellate capacity. But we were of

opinion that this circumstance did not cure the defect, because the appellate court never can give a judgment, which the court *a qua* could not.

The objection being to the want of jurisdiction *ratione materiæ*, consent did not cure it.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the petition be dismissed with costs.

*Ogden* & *Brownson* for the plaintiff, *Bowen* & *Baker* for the defendant.